# SETTLEMENT AND RELEASE OF CLAIMS AGREEMENT

This Settlement and Release of Claims Agreement ("Agreement") is entered into by and between STEVE'S LANDSCAPING PLUS, INC., a New York corporation, on behalf of itself and each of its respective present and former employees, officers, directors, owners, shareholders, and agents, individually and in their official capacities, and STEVEN BUSA, individually (collectively referred to as the "Employer"), and MANUEL COCA ("Employee"), residing at 8 Cedar Street, Bayshore, NY 11706 (Employer and Employee are collectively referred to as "Parties") as of June 26, 2018 ("Execution Date").

WHEREAS, plaintiff Employee filed a complaint, dated December 12, 2017 and an Amended Complaint, dated February 16, 2018, against defendants Steven Busa, individually, and Steve's Landscaping Plus, Inc., asserting causes of action for violations under the FLSA and NYLL; and

WHEREAS, Employer has denied every allegation of wrongdoing contained in Employee's Complaint filed in the United States District Court for the Eastern District of New York, Docket Number 17-cv-07237, (the "Action") and in any other papers filed or served by or on behalf of Employee in this matter or before any court;

WHEREAS, the Court has made no findings as to the merits of the Action; and

WHEREAS, the Parties desire to resolve the Action without further litigation or adjudication.

NOW, THEREFORE, in consideration of the promises and obligations set forth in this Agreement, the Parties agree as follows:

1.      No Admission of Liability. Nothing in this Agreement shall be construed to be an admission by Employer of any wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever.  Employer specifically disclaims and denies any wrongdoing or liability to Employee.

2.      Payment. In consideration of Employee's execution of, non-revocation of, and compliance with this Agreement, including Employee's waiver and release of claims in Sections 3 and 4, Employer agrees to provide the following benefits to which Employee is not otherwise entitled, provided that Employee has not revoked this Agreement in accordance with its terms:

(a) EIGHTEEN THOUSAND ONE HUNDRED SEVENTY DOLLARS ($18,170.91), less all relevant taxes and other withholdings in full satisfaction of all claims Employee may have for alleged lost wages, lost back pay, front pay, or benefits to be paid to Employee.  Employer shall issue a Form W-2 to Employee for this amount.

(b) EIGHTEEN THOUSAND ONE HUNDRED SEVENTY DOLLARS ($18,170.91), in full satisfaction of all claims Employee may have for alleged non-economic damages, including any liquidated damages and other compensatory damages, to be paid to Employee. Employer shall issue a Form 1099-MISC to Employee for this amount.

(c) EIGHTEEN THOUSAND SIX HUNDRED FIFTY-EIGHT DOLLARS ($18,658.18), in full satisfaction of all claims Employee may have for attorneys' fees and disbursements, to be paid directly to Employee's counsel, Peter Romero,

Esq. Employer shall issue a Form 1099-MISC to each of Employee and Employee's counsel for this amount. The payments outlined in this Section 2 shall be paid in a lump sum by check and delivered to Employee's attorney, Peter A. Romero, Esq. within five (5) days following the Effective Date as defined in Section 6.

Employee and Employee's counsel shall provide Employer with a current dated and executed W-4 and the New York State equivalent for purposes of tax withholdings.

In no event shall Employer be liable for all or any portion of any taxes, penalties, interest, or other expenses that may be incurred by Employee as a result of the payments made pursuant hereto other than the withholding amount set forth in Paragraph 2(a) above.

Notwithstanding anything to the contrary, Employer's obligations to make any payments under this Agreement are expressly conditioned on Employee's counsel, on behalf of Employee, delivering to Employer and filing with the Court a signed Stipulation of Dismissal with Prejudice of the Action and Employer's receipt of the stamped as filed Stipulation of Dismissal with Prejudice.

Employee agrees and acknowledges that Employer and its counsel have not made any representations to Employee regarding the tax consequences of any payments or amounts received by Employee pursuant to this Agreement. Employee agrees to indemnify Employer against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed on the settlement payment.

Employee further agrees and acknowledges that Employee has been properly paid for all hours worked for Employer, that all salary, wages, commissions, bonuses, and other compensation due to Employee have been paid, and that Employee is not owed anything else from Employer other than as provided for in this Agreement.

3.      Limited Release and Waiver of Claims. In exchange for the consideration provided by Employer in this Agreement, Employee and Employee's heirs, executors, representatives, administrators, agents, insurers, and assigns (collectively the "Releasors") release Employer, including Employer's predecessors, successors, and assigns, and each of their respective officers, directors, employees, shareholders, trustees, partners, and any other related persons or entities, in their corporate and individual capacities (collectively, the "Released Parties"), from any and all claims, demands, actions, causes of actions, judgments, rights, fees, damages, debts, obligations, liabilities, and expenses (inclusive of attorneys' fees) (collectively, "Claims"), that Employee may have or has ever had against the Released Parties, or any of them, for alleged violations of the Fair Labor Standards Act and New York Labor Law.

4.      Withdrawal and Stipulation of Dismissal. In exchange for the receipt of payment made to Employee pursuant to the terms of this Agreement, the receipt and sufficiency of which is hereby acknowledged, Employee shall stipulate to dismissal, in writing and with prejudice, of the Action and all allegations, claims, charges, actions, complaints, lawsuits, appeals, and proceedings that Employee has instituted against Employer, including, but not limited to, the Action. Employee shall sign and deliver to Employer's counsel within five (5) days of signing this Agreement as a condition to Employee's entitlement to consideration under this Agreement the Stipulation of Dismissal with Prejudice (a copy of which is attached to this Agreement). Employer's obligations under this Agreement are expressly conditioned on the Court's

4

acceptance and acknowledgment of withdrawal of the Action by the United States District Court for the Eastern District of New York's order to dismiss the Action with prejudice.

5.    Waiver of Future Employment. Employee waives all rights and claims to reinstatement as an employee or employment with Employer and agrees that Employee will not knowingly seek or accept future employment with Employer or with any successor or assign. Employee agrees that if Employer or Employer's successor or assign declines to employ Employee, they shall not be liable for any damages.

6.    Knowing and Voluntary Acknowledgment. Employee specifically agrees and acknowledges that:

(a)    Employee has read this Agreement in its entirety and understands all of its terms;

(b)    by this Agreement, Employee has been advised to consult with an attorney before executing this Agreement, and has consulted with such counsel as Employee deemed necessary;

(c)    Employee knowingly, freely, and voluntarily assents to all of its terms and conditions including, without limitation, the waiver, release, and covenants contained herein;

(d)    Employee is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which Employee is otherwise entitled; and

(e)    Employee is not waiving or releasing rights or claims that may arise after Employee executes this Agreement.

This Agreement shall become effective upon execution by both parties (the "Effective Date"). No payments due to Employee hereunder shall be made or begin before the Effective Date.

7.    Successors and Assigns. Employer may freely assign this Agreement at any time. This Agreement shall inure to the benefit of Employer and its successors and assigns. Employee shall not assign this Agreement in whole or in part. Any purported assignment by Employee shall be null and void from the initial date of the purported assignment.

8.    Governing Law, Jurisdiction, and Venue. This Agreement and all matters arising out of or relating to this Agreement and Employee's employment by Employer, whether sounding in contract, tort, or statute, for all purposes shall be governed by and construed in accordance with the laws of the State of New York (including its statutes of limitations) without regard to any conflicts of laws principles that would require the laws of any other jurisdiction to apply. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in any state or federal court located in the state of State of New York, Tenth Judicial District.  The Parties hereby irrevocably submit to the [non-]exclusive jurisdiction of these courts and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

9.    Attorneys' Fees and Costs. If Employee breaches any of the terms of this Agreement or the post-termination obligations in it, to the extent authorized by New York State law, Employee will be responsible for payment of all reasonable attorneys' fees and costs that

Employer incurred in the course of enforcing the terms of the Agreement, including demonstrating the existence of a breach and any other contract enforcement efforts.

10.     Entire Agreement. Unless specifically provided herein, this Agreement contains all of the understandings and representations between Employer and Employee relating to the Complaint filed in the United States District Court for the Eastern District of New York, Docket Number 17-cv-07237 and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, regarding such subject matter; provided.

11.     Modification and Waiver. No provision of this Agreement may be amended or modified unless the amendment or modification is agreed to in writing and signed by Employee and by Employer Steven Busa. No waiver by any Party of any breach by any other party of any condition or provision of this Agreement to be performed by any other party shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay by any Party in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

12.     Severability. If any provision of this Agreement is held by a court of competent jurisdiction to be enforceable only if modified, or if any portion of this Agreement is held as unenforceable and thus stricken, such holding shall not affect the validity of the remainder of this Agreement, the balance of which shall remain in full force and effect and continue to be binding upon the Parties, with any such modification to become a part hereof and treated as though originally set forth in this Agreement.

The Parties further agree that any such court is expressly authorized to modify any such unenforceable provision of this Agreement in lieu of severing such unenforceable provision from this Agreement in its entirety, whether by rewriting the offending provision, deleting any or all of the offending provision, adding additional language to this Agreement, or by making such other modifications as it deems warranted to carry out the intent and agreement of the Parties as embodied herein to the maximum extent permitted by law.

The Parties expressly agree that this Agreement as so modified by the shall be binding upon and enforceable against each of them. If any provision of this Agreement is held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions hereof, and if such provision or provisions are not modified as provided above, this Agreement shall be construed as if such invalid, illegal, or unenforceable provisions had not been set forth in it.

13.    Captions. Captions and headings of the sections and paragraphs of this Agreement are intended solely for convenience and no provision of this Agreement is to be construed by reference to the caption or heading of any section or paragraph.

14.    Counterparts. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart's signature page of this Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.

8

15.    <u>Notices</u>. All notices under this Agreement must be given in writing U.S. Certified Mail – Return Receipt Requested at the addresses indicated in this Agreement or any other address designated in writing by either party. When providing written notice to Employer or Employee, a copy must be provided to each of their respective counsel at the addresses below.

Notice to Employer:

> Steven Busa
> 540 Milligan Lane
> West Islip, NY 11795

With a copy to:

> Lynn, Gartner, Dunne & Covello, LLP
> Attn:  Tiffany D. Frigenti, Esq.
> 330 Old Country Road, Suite 103
> Mineola, NY 11501
> (516) 742-6200
> tdfrigenti@lgdcllp.com

Notice to Employee:

> Manuel Coca
> 8 Cedar Street
> Bayshore, NY 11706.

With a copy to:

> Law Office of Peter A. Romero, PLLC
> Attn:  Peter A. Romero, Esq.
> 825 Veterans Highway, Suite B
> Hauppauge, New York 11788
> (631) 257-5588
> promero@romerolawny.com

16.    <u>Acknowledgment of Full Understanding</u>. EMPLOYEE ACKNOWLEDGES AND AGREES THAT EMPLOYEE HAS FULLY READ, UNDERSTANDS, AND VOLUNTARILY ENTERS INTO THIS AGREEMENT. EMPLOYEE ACKNOWLEDGES AND AGREES THAT EMPLOYEE HAS HAD AN OPPORTUNITY TO ASK QUESTIONS

AND CONSULT WITH AN ATTORNEY OF EMPLOYEE'S CHOICE BEFORE SIGNING

THIS AGREEMENT. EMPLOYEE FURTHER ACKNOWLEDGES THAT EMPLOYEE'S

SIGNATURE BELOW IS AN AGREEMENT TO RELEASE EMPLOYER FROM ANY AND

ALL CLAIMS THAT CAN BE RELEASED AS A MATTER OF LAW.

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the Execution Date above.

EMPLOYER:
STEVE'S LANDSCAPING PLUS, INC.

By _____

_____
STEVEN BUSA, Individually

EMPLOYEE:

_____
MANUEL COCA

10